IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOU GEILER and LARRY MOORE, Individually and on behalf of all participants and dependents in the Northern Natural Gas Company Medical and Dental Plan for Retirees and Surviving Spouses, MIDAMERICAN ENERGY COMPANY PENSION AND EMPLOYEE BENEFITS PLANS ADMINISTRATIVE COMMITTEE and WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee of the MidAmerican Energy Company Master VEBA Trust,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROBERT W. JONES, SARAH A. DAVIS, RICHARD LYDECKER, GARY SMITH, KRISTE K. SULLIVAN, ARLENE BARNETT, LYZETTE PALMER, J.P. MORGAN, CHASE BANK OF TEXAS, TEXAS COMMERCE BANK, NORTHERN PLAINS NATURAL GAS COMPANY, TRANSWESTERN PIPELINE COMPANY, FLORIDA GAS TRANSMISSION COMPANY, ENRON LIQUIDS PIPELINE COMPANY and JOHN and JANE DOES (real names unknown),<br><br>        Defendants. | 8:05CV268<br><br><br><br><br><br>MEMORANDUM OPINION |

This matter is before the Court on motions to dismiss, or in the alternative motions to stay filed by defendants, Sarah A. Davis, Richard Lydecker, Gary Smith, Arleen Bennett and Lizzette M. Palmer (Filing No. 44), defendant J.P. Morgan Chase

Bank N.A. (Filing No. 47), and defendant Northern Plains Natural Gas (Filing No. 51); and on a motion to strike filed by defendant J.P. Morgan Chase Bank N.A. (Filing No. 64).  The Court has reviewed the motions, the briefs in support and opposition, the evidentiary submissions and the applicable law and makes the following findings.

## I.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff.  *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail.  *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  The Court considers the defendants' motion in light of the foregoing standard.

## II.  FACTS

Lou Geiler and Larry Moore, the named individual plaintiffs, and the class members which they represent ("Class Members") allege they are former employees of Northern Natural Gas ("NNG"), a former subsidiary of Enron Corp. ("Enron") (Complaint ¶¶ 3, 4 and 34).  NNG was a participating employer in the Enron Gas Pipelines Employee Benefit Trust (the "Enron VEBA") which was established to fund benefits provided under the various self-insured health plans sponsored by the VEBA's participating employers (Complaint ¶¶ 17, 18, 31).

The other plaintiffs are MidAmerican Energy Company Pension and Employee Benefits Plan Administrative Committee ("MEC Administrative Committee") and Wells Fargo Bank, National Association ("Wells Fargo").  The MEC Administrative Committee is the administrator of the MidAmerican Energy Company Welfare Benefit Plan ("MEC Plan").  The MEC Plan is funded by the MidAmerican Energy Company Master VEBA Trust for Nonbargaining Employees ("MEC VEBA").  Wells Fargo is the trustee of the MEC VEBA.

Plaintiffs assert claims arising from Enron's sale of NNG to Dynegy, Inc. in 2002 (Complaint, ¶¶ 31-42).  The sale of NNG resulted in NNG's withdrawal from the Enron VEBA, effective July 1, 2002 (Complaint ¶ 39).  NNG subsequently established its own employee benefit plan and established the NNG Employee

Benefit Plan ("NNG VEBA") to fund the benefits.  Later in 2002, NNG was sold to MidAmerican Energy Holdings Company ("MEC") (Complaint ¶ 43).  The NNG VEBA was merged into the MEC VEBA.

Defendants Sarah A. Davis, Richard Lydecker, Gary Smith, Arleen Bennett and Lizzette M. Palmer were members of the committee created pursuant to the Enron Plan to administer the Enron Plan and to counsel and direct the Enron VEBA trustee regarding Enron VEBA matters.  Defendant J.P. Morgan Chase Bank N.A. ("JP Morgan") is the current trustee of the Enron VEBA.  Defendant Commerce Bank was a trustee of the Enron VEBA.  Defendants Northern Plains Natural Gas, Transwestern, Florida Gas and Liquids Pipeline participated in the Enron Plan and are asserted to be entitled to a portion of the assets of the Enron VEBA.

**III. DISCUSSION**

**A.  Standing**

**1.  Individual Plaintiffs and Class Members**

The Supreme Court has construed § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1) narrowly to allow only the stated categories of parties to sue for relief directly under ERISA.  *See Franchise Tax Board v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983).  To state a claim under ERISA, 29 U.S.C.

-4-

§ 1132(a)(1) a plaintiff must be a participant or beneficiary of the ERISA plan.  Here, the Class Member plaintiffs allege that they were participants in the Enron Plan.  ERISA defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C § 1002(7).  The Supreme Court has construed "participant" to mean:

> either "employees in, or reasonably expected to be in, currently covered employment," *Saladino v. I. L. G. W. U. National Retirement Fund*, 754 F. 2d 473, 476 (2d Cir. 1985), or former employees who "have . . . a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits, *Kuntz v. Reese*, 785 F. 2d 1410, 1411 (9th Cir. 1986)*(per curiam)*, *cert. denied*, 479 U.S. 916 (1986). In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements  will be fulfilled in the future. "This view attributes conventional meanings to the statutory language since all employees in covered employment and former employees with a colorable claim to vested benefits 'may become eligible.'  A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.'"  *Saladino*, 754 F.2d at 476.

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).

In their complaint, the Class Members do not claim to be current Enron employees or to have a reasonable expectation of returning to covered employment with Enron.  To have standing as participants, they must show that they have a colorable claim to vested benefits under the Enron Plan.

Under ERISA, Congress saw fit to grant employers the freedom to adopt, modify or terminate welfare benefit plans at will, at any time.  *Curtiss-Wright Corp v. Schoonejongen*, 514 U.S. 73, 78 (1995).  "Unless an employer contractually cedes its freedom, it is generally free under ERISA, for any reason at any time, to adopt, modify, or terminate its welfare plan." *Inter-Modal Rail Employees Association v. Atchison, Topeka and Santa Fe Ry. Co.*, 520 U.S. 510, 515 (1997) (internal quotations and citations omitted).

The Enron Plan was a welfare benefit plan under ERISA. Benefits under the Enron Plan never vested for the plaintiffs because the Enron Plan specifically reserved to the employer the right to unilaterally modify or terminate benefits under the plan.  Enron Plan, § 11.1.  As such, the class members do not have standing as participants under which to bring this action.

The Class Members also lack standing as beneficiaries of the Enron Plan under ERISA.  ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit

thereunder." 29 U.S.C. § 1002(8). Class Members do not allege that they possess standing under ERISA as beneficiaries of the Enron Plan and do not have a reasonable expectation of becoming entitled to a benefit under the Enron Plan.

Finally, the Class Members also fail to fit within the "but for" exception to § 502(a)(2)'s standing rules. The Eighth Circuit Court of Appeals recognizes a narrow exception to the general rule that only those persons specifically listed in § 502(a)(2) have standing to bring an action under ERISA for breach of fiduciary duty. Under this exception, if a fiduciary's alleged breach of duty deprives an individual of his or her status as a participant, the former participant will nonetheless have standing to sue for breach of fiduciary duty. *Shea v. Esenstein*, 107 F.3d 625, 628 (8th Cir. 1997). This exception only applies "when the fiduciary's breach of duty has deprived the § 502(a)(2) or § 502(a)(3) plaintiff of participant status." *Adamson v. Aramco, Inc.*, 44 F.3d 650, 655 (8th Cir. 1995).

Here, plaintiffs have not alleged that any fiduciary acted with respect to the Enron VEBA to deprive Class Members of their status as participants. Even if they had made this allegation, plaintiffs would have been unable to support such an allegation because their change of status was due to Enron's decision to sell NNG. This business decision by Enron was not a decision by a defendant fiduciary and as such does not meet the

narrow exception § 502(a)(2)'s standing rules recognized by the Eighth Circuit.  Therefore, the Court must dismiss all claims made by the individual plaintiffs and the Class Members because they lack standing under ERISA.

### 2. MEC Administrative Committee and Wells Fargo

Just as the Class Members lack standing, so also does the MEC Administrative Committee and Wells Fargo.  In order to have standing under ERISA, a plaintiff must be either a plan participant or beneficiary, the Secretary of Labor or a fiduciary.  MEC and Wells Fargo are not and do not allege to be plan participants or beneficiaries or the Secretary of Labor.  The only way in which they could obtain standing under ERISA is as a fiduciary with respect to the Enron Plan.

Parties may become fiduciaries under ERISA in only two ways.  First, they can be named in the plan documents or identified by the employer under a procedure specified in the plan.  ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2).  Second, they may perform fiduciary functions with respect to a plan.  ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  Here, neither MEC nor Wells Fargo was a named fiduciary or performed any fiduciary duties for the Enron Plan.  Both MEC and Wells Fargo lack standing to bring claims I, II and III under ERISA, and these claims will be dismissed.

### 3. Count IV - Declaratory Relief

In Count IV, Wells Fargo seeks declaratory relief from the defendants under the Declaratory Judgment Act. The Declaratory Judgment Act does not create any new substantive rights, but rather creates a procedure for adjudicating existing rights. *Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968). Thus, an action for declaratory judgment requires the existence of an actual controversy between the parties.

Because the Declaratory Judgment Act does not create any substantive rights, Wells Fargo must still demonstrate standing under the applicable substantive laws. Here, the only substantive law asserted is ERISA. Thus, to bring this declaratory action, Wells Fargo still must demonstrate standing under ERISA, but Wells Fargo cannot do so because Wells Fargo was not a plan participant, beneficiary, the Secretary of Labor or a fiduciary of the Enron Plan. Wells Fargo does not have standing under ERISA. Lacking standing, this claim for declaratory relief will be dismissed.

**Conclusion**

Having found that all plaintiffs lack standing under ERISA to bring this action, the Court will grant defendants' motions to dismiss (Filing Nos. 44, 47 and 51) without prejudice. This Court lacks jurisdiction because plaintiffs lack standing

under ERISA, and the Court will dismiss the complaint without prejudice as to all defendants, including those defendants who have not yet moved to dismiss.  Having dismissed all claims, defendant JP Morgan's motion to strike (Filing No. 64) will be denied as moot.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of February, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
     LYLE E. STROM, Senior Judge
     United States District Court