IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOU GEILER and LARRY MOORE, Individually and on behalf of all participants and dependents in the Northern Natural Gas Company Medical and Dental Plan for Retirees and Surviving Spouses, MIDAMERICAN ENERGY COMPANY PENSION AND EMPLOYEE BENEFITS PLANS ADMINISTRATIVE COMMITTEE and WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee of the MidAmerican Energy Company Master VEBA Trust,<br><br>            Plaintiffs,<br><br>     v.<br><br>ROBERT W. JONES, SARAH A. DAVIS, RICHARD LYDECKER, GARY SMITH, KRISTE K. SULLIVAN, ARLENE BARNETT, LYZETTE PALMER, J.P. MORGAN, CHASE BANK OF TEXAS, TEXAS COMMERCE BANK, NORTHERN PLAINS NATURAL GAS COMPANY, TRANSWESTERN PIPELINE COMPANY, FLORIDA GAS TRANSMISSION COMPANY, ENRON LIQUIDS PIPELINE COMPANY and JOHN and JANE DOES (real names unknown),<br><br>            Defendants. | 8:05CV268<br><br><br><br>MEMORANDUM OPINION |

This matter is before the Court on the motions for attorney fees and costs filed by defendants Sarah A. Davis, Richard Lydecker, Gary Smith, Arleen Bennett and Lizzette M. Palmer (Filing No. 83), defendants Transwestern Pipeline Company

and Florida Gas Transmission Company (Filing No. 86), defendant J.P. Morgan Chase Bank N.A. (Filing No. 89), and the supplemental motion for attorney fees and costs filed by defendants Sarah A. Davis, Richard Lydecker, Gary Smith, Arleen Bennett and Lizzette M. Palmer (Filing No. 109).  The Court has reviewed the motions, the briefs in support and opposition, the evidentiary submissions and the applicable law and makes the following findings.

The district court has discretion to award attorney fees in actions under the Employee Retirement Income Security Act of 1974 ("ERISA").  *See* 29 U.S.C. § 1132(g)(". . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party").  Here, the issue is whether an award of attorney fees and costs can be made in a case under ERISA where the Court has previously dismissed the action on the grounds that the plaintiffs lacked standing under ERISA.

Plaintiffs assert that if plaintiffs lack standing under ERISA then the Court is precluded from awarding fees and costs because the express terms of § 1132(g)(1) authorize an award "only when the action is brought by one of the parties enumerated in § 1132(g)(1)."  *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 229 (9th Cir. 1994).  The enumerated parties in § 1132(g)(1) are plan participants, beneficiaries or fiduciaries.

As the Court has held that plaintiffs did not qualify as plan participants, beneficiaries or fiduciaries when they brought this action, an award of fees and costs under § 1132(g)(1) is precluded.

While an award is not available under ERISA, the defendants have also sought an award under the Court's inherent power when a party has acted in bad faith, initially citing *Chambers v. NASCO*, Inc., 501 U.S. 32, 45-46 (1991).  Factually, the *Chambers* case is not appropriate.  It involved conduct of counsel concealing material facts and conduct in direct violation of the District Court Judge's order.

This case involves no such conduct, and simply because the case has been dismissed for lack of standing does not justify a finding that plaintiffs acted in bad faith, justifying sanctioning by awarding attorney fees and costs.

For the foregoing reasons, the Court finds that neither law (29 U.S.C. § 1132(g)(1)), nor the facts justify an award of attorney fees and expenses to defendants.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 27th day of April, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court